UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

| | |
|---|---|
| IN RE COMPUTER ASSOCIATES CLASS ACTION SECURITIES LITIGATION | 98-CV-4839 (TCP) |
| IN RE COMPUTER ASSOCIATES 2002 CLASS ACTION SECURITIES LITIGATION | 02-CV-1226 (TCP) |
| FEDERMAN v. ARTZT et al. | 03-CV- 4199 (TCP) |

----------------------------------------------------------X   **MEMORANDUM AND ORDER**

PLATT, District Judge.

  At a civil conference held on August 1, 2007, this Court DENIED on the record the pending 60(b) motions and related discovery motions filed by the Derivative Plaintiffs, "Ranger Governance", and the Class Action Plaintiffs, "Wyly Movants", (collectively "Moving Parties"). During the conference, it was claimed by counsel for the moving parties in the above actions, Bickel & Brewer, that the Court could not have considered their papers in support of the 60(b) and discovery motions which had been filed with this Court for approximately three (3) years. This Court herein clarifies that it has considered all of the Wyly Movants' and Ranger Governance's papers and issued said oral ruling *after* considering the moving parties' motion papers.

  On Monday, July 23, 2007, at a conference before this Court the Wyly

1

Movants represented that their motion for discovery was fully briefed and ready to be decided by the Court. See Trans. July 23, 2007 at 9. Moreover, at that conference Ranger Governance, represented by the same counsel, indicated that they had joined in the previously filed derivative motion for discovery and indicated that while Derivative Plaintiffs Bert Vladimir and Irving Rosenzweig were no longer pursuing their discovery and 60(b) motions, the discovery motion as it pertains to Ranger Governance was still pending and ready for final adjudication. See Trans. July 23, 2007 at 10. By letter dated July 24, 2007, counsel for the Wyly Movants and Ranger Governance indicated that "no further submissions regarding [their] discovery motions in support of their motions for relief pursuant to Rule 60(b)" were to be filed. See Brewer Ltr. dated July 24, 2007, Docket ("DK") # 98-CV-4839, Entry # 338. The next day, again by letter, the Derivative Plaintiffs Vladimir and Rosenzweig indicated they had withdrawn their 60(b) and corresponding discovery motions. See Squitieri Ltr. dated July 25, 2007, DK # 04-CV-2697, Entry # 164. In response to the indication by the parties that these motions were ready to be decided and in light of the significant filings in this case each pertaining to different docket numbers and spanning, in total, three years, this Court requested that counsel for the moving parties file with the

Court a list of motions which were fully briefed and ready for consideration.[1] In response to the Court's request, the moving party promptly filed with the Court a list of all pending 60(b) motions and related discovery motions. See McGrath Ltr. dated July 27, 2007, DK # 98-CV-4839, Entry # 339. It is against this backdrop that the Court considered all relevant previously filed papers in this Court's possession and filed on this Court's docket since December 2006 and rendered the August 1, 2007 ruling.[2]

In light of the parties' papers, this Court reiterates its ruling that the moving parties have failed to set forth cause to permit further discovery to be conducted in conjunction with the 60(b) motions.[3] On June 26, 2006, the Court made it clear that additional discovery was to be confined to "fraud" contained in

---

1. It should be noted that the Court communicated with the *moving party,* i.e., counsel for Ranger Governance and the Wyly Movants, because, in accordance with this Court's Individual Rules, it is the responsibility of the *moving* party to electronically file *all* motion papers once a motion is fully briefed and ready for consideration by the Court. See Individual Practices of Judge Thomas C. Platt, R. 2 (C).

2. While this Court "administratively" dismissed the 60(b) and related discovery motions, this entry is only for the purpose of the Court's case management. The motion papers were not physically returned. Rather, they remained in chambers awaiting a determination that the motions were fully briefed and ready to be adjudicated. As evidenced by the parties' own submissions, this Court concluded after the July 23, 2007 conference and ensuing letters that said motions were ready for adjudication.

3. Lest we forget, the parties to the settlement conducted negotiations before this Court's designated negotiator, former United States District Judge Frederick B. Lacey, for several months during the summer and fall of 2003. Of equal significance, the Wyly Movants who were represented by counsel at the consummation of the settlement waited 364 days (one day before the statutory bar) before they filed their present motion under Rule 60(b).

the "23 boxes", which the Wyly movants claimed was there and had not been disclosed to the settling parties in the fall of 2003.

After reviewing the arguments in support of the motion to vacate the settlement entered into and approved by this Court almost four (4) years ago and the papers filed requesting further discovery on the 60(b) motions, this Court hereby concludes that in the three years since the filing of the original 60(b) motions in 2004, the parties have failed to produce any "new" evidence of fraud upon this Court and <u>inter alia</u> the settling parties warranting 60(b) relief, and have failed to establish that the contents of the "23 boxes" allegedly withheld during discovery and prior to the settlement warrant granting further discovery and reopening the 2003 settlement.

Notably and very troubling is the fact that moving papers miss the relevant inquiry that lies at the heart of the issue; namely, what was known and not known to counsel who actually negotiated the 2003 settlement. It is this Court's view that the actual parties who sat in open Court and placed on the record the terms of the settlement are in the best position to indicate whether any emerged fraud indeed took place in light of information disclosed to the shareholders and the

public alike in the months following the settlement.[4] Ample opportunity has been given to the parties to illuminate and bring to this Court's attention any fraud or reasonable basis for a finding of fraud upon this Court.

The years following this settlement have only brought further delay and a multitude of allegations of fraud with very little, if any, connection to the "23 boxes." At this point, these claims fly in the face of the finality which a settlement is intended to produce. While our system of justice does not tolerate a fraud upon its courts, it also does not permit two bites at the apple. Without justification this Court may not and will not disturb a settlement and final judgment entered in December 2003, almost four (4) years ago. It is for these reasons and the reasons stated on the record on August 1, 2007 that this Court hereby **DENIES** the Wyly Movants' and Ranger Governance's motions to vacate the 2003 settlement. All motions filed in relation to the 60(b) motions are hereby terminated and the 2003 settlement is affirmed.

SO ORDERED.

---

4. This Court points out that the Wyly Movants were represented by class counsel at the 2003 fairness hearing and at that time did not voice any objections to the settlement. Furthermore, the Wyly Movants did not opt-out of the settlement by November 10, 2003, the settlement opt-out date.

        /s/
Thomas C. Platt, U.S.D.J.

Dated: Central Islip, New York
      August 2, 2007