MANDATE

07-3673-cv (L); 07-3675-cv (L); 07-3674-cv (L)
Federman v. Artzt; Barroway v. Computer Assocs.; In re Computer Assoc. 2002

EDNY/CINY
98-cv-4839
Platt, J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 02 2009 ★

LONG ISLAND OFFICE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of July, two thousand nine.

PRESENT:

    JOHN M. WALKER, JR.,
    ROBERT D. SACK,
        Circuit Judges,
    JOHN G. KOELTL,*
        District Judge.



-----------------------------------

CHARLES FEDERMAN, Derivatively on
Behalf of Nominal Defendant,
        Plaintiff,

BERT VLADIMIR and IRVING ROSENZWEIG,
        Movants,

RANGER GOVERNANCE, LTD.,
derivatively on behalf of Computer
Associates International, Inc.,
    Movant-Appellant-Cross-Appellee

No. 07-3673-cv (L),
    07-4022-cv (CON),
    07-4904-cv (XAP);
    07-3675-cv (L),
    07-4020-cv (CON);
    07-3674-cv (L),
    07-4024-cv (CON)

---

    * The Honorable John G. Koeltl, District Judge of the United States District Court for the Southern District of New York, sitting by designation.

ISSUED AS MANDATE: OCT 2 6 2009

```
 1    - v -

 2    RUSSELL M. ARTZT, WILLIAM F.P. DE
 3    VOGEL, RICHARD GRASSO, LEWIS S.
 4    RANIERI, ALFONSE M. D'AMATO, SHIRLEY
 5    STRUM KENNY, SANJAY KUMAR, ROEL
 6    PIEPER, and CHARLES B. WANG,
 7                Defendants-Appellees-Cross
 8                                 Appellees,

 9    COMPUTER ASSOCIATES INTERNATIONAL,
10    INC.,
11      Defendant-Appellee-Cross Appellant,

12    SPECIAL LITIGATION COMMITTEE OF THE
13    BOARD OF DIRECTORS OF COMPUTER
14    ASSOCIATES INTERNATIONAL, INC.,
15                                 Respondent.

16               IN TANDEM WITH

17    SAM WYLY, and OTHER WYLY MOVANTS,
18                       Movants-Appellants,

19    - v -

20    COMPUTER ASSOCIATES INTERNATIONAL,
21    INC., CHARLES B. WANG, SANJAY KUMAR,
22    and RUSSELL M. ARTZT,
23                       Defendants-Appellees,

24    ANDREW L. BARROWAY, on behalf of
25    himself and others similarly
26    situated, Plaintiffs' Co-Lead
27    Counsel,
28                                 Plaintiffs,

29    STEVEN SINSHEIMER, on behalf of
30    himself and all others similarly
31    situated, FELIX GLAUBACH, on behalf
32    of himself and all others similarly
33    situated, JERRY WEHMHOEFER, on
34    behalf of himself and all others
35    similarly situated, JOHN J. GRECO,
36    on behalf of himself and all others
37    similarly situated, LILLIAN
```

```
 1    HERSCHKOWITZ, and BRUCE MONTAGUE,
 2                 Consolidated-Plaintiffs,

 3    IRA H. ZAR, ALFONSE M. D'AMATO, JAY
 4    W. LORSCH, LEWIS S. RANIERI, and
 5    WALTER P. SCHUETZE,
 6                                Defendants,

 7    SEYMORE PIENKNY, SPECIAL LITIGATION
 8    COMMITTEE OF THE BOARD OF DIRECTORS,
 9                                Respondents.

10               IN TANDEM WITH

11    WYLY MOVANTS,
12                       Movants-Appellants,

13    - v -

14    CHARLES FEDERMAN, Derivatively on
15    Behalf of Nominal Defendant,
16    COMPUTER ASSOCIATES INTERNATIONAL,
17    INC.,
18               Plaintiff-Appellee,

19    SANJAY KUMAR and CHARLES B. WANG
20                  Defendants-Appellees,

21    RUSSELL M. ARTZT, WILLIAM F.P. DE
22    VOGEL, RICHARD GRASSO, LEWIS S.
23    RANIERI, ALFONSE M. D'AMATO, SHIRLEY
24    STRUM KENNY, and ROEL PIEPER,
25                                Defendants,

26    SPECIAL LITIGATION COMMITTEE OF THE
27    BOARD OF DIRECTORS OF COMPUTER
28    ASSOCIATES INTERNATIONAL INC.,
29                                Respondent.
30    ------------------------------------

31    Appearing for Appellant:    James S. Renard, Bickel & Brewer
32                                (William A. Brewer III, Luke A.
33                                McGrath, of counsel), New York, NY.

34    Appearing for Appellee
35    Computer Associates
```

|     |                                                                                                  |                                                                                                                                                    |
| --- | ------------------------------------------------------------------------------------------------ | -------------------------------------------------------------------------------------------------------------------------------------------------- |
| 1   | International, Inc.:                                                                             | David B. Tulchin, Sullivan &                                                                                                                       |
| 2   |                                                                                                  | Cromwell LLP (Tracy Richelle High,                                                                                                                 |
| 3   |                                                                                                  | William B. Monahan, of counsel),                                                                                                                   |
| 4   |                                                                                                  | New York, NY.                                                                                                                                      |
|     |                                                                                                  |                                                                                                                                                    |
| 5   | Appearing for Appellee                                                                           |                                                                                                                                                    |
| 6   | Charles B. Wang:                                                                                 | Linda T. Coberly, Winston & Strawn                                                                                                                 |
| 7   |                                                                                                  | LLP (Vincent A. Sama, Adam J.                                                                                                                      |
| 8   |                                                                                                  | Schlatner, Kara L. Gorycki, Ari E.                                                                                                                 |
| 9   |                                                                                                  | Waldman, of counsel), Chicago IL                                                                                                                   |
| 10  |                                                                                                  | and New York, NY.                                                                                                                                  |
|     |                                                                                                  |                                                                                                                                                    |
| 11  | Appearing for Appellees                                                                          |                                                                                                                                                    |
| 12  | Willem F.P. de Vogel,                                                                            |                                                                                                                                                    |
| 13  | Shirley Strum Kenny, and                                                                         |                                                                                                                                                    |
| 14  | Roel Pieper:                                                                                     | Lawrence O. Kamin, Willkie Farr &                                                                                                                  |
| 15  |                                                                                                  | Gallagher LLP (Deirdre N. Hykal,                                                                                                                   |
| 16  |                                                                                                  | David A. Benner, of counsel), New                                                                                                                  |
| 17  |                                                                                                  | York, NY.                                                                                                                                          |
|     |                                                                                                  |                                                                                                                                                    |
| 18  | Appearing for Appellee                                                                           |                                                                                                                                                    |
| 19  | Richard Grasso:                                                                                  | William P. Ashworth, Williams &                                                                                                                    |
| 20  |                                                                                                  | Connolly LLP (Steven M. Farina, of                                                                                                                 |
| 21  |                                                                                                  | counsel), Washington, DC.                                                                                                                          |
|     |                                                                                                  |                                                                                                                                                    |
| 22  | For Appellees Alfonse M.                                                                         |                                                                                                                                                    |
| 23  | D'Amato, Lewis S. Ranieri,                                                                       |                                                                                                                                                    |
| 24  | and Walter P. Schuetze:                                                                          | Lewis J. Liman, Cleary Gottlieb                                                                                                                    |
| 25  |                                                                                                  | Steen & Hamilton LLP, New York, NY.                                                                                                                |

26      Appeal from orders of the United States District Court for
27  the Eastern District of New York (Thomas C. Platt, <u>Judge</u>).

28      UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND
29  DECREED that the judgment of the district court be, and it hereby
30  is, AFFIRMED.

31      The appellants appeal from the district court's denial of
32  their motions for relief pursuant to Federal Rule of Civil
33  Procedure 60(b).  Computer Associates International, Inc.
34  ("Computer Associates") cross-appeals from the district court's
35  denial of its motion to clarify or amend its August 2, 2007
36  order.  We assume the parties' familiarity with the underlying
37  facts and procedural history of the cases, and the issues on
38  appeal.

39      All three of the appeals before us involve Rule 60(b)
40  motions for relief from a 2003 global settlement of the present

litigation that, <u>inter alia</u>, barred Computer Associates and its shareholders from thereafter bringing lawsuits against the company and specified executives it employs or employed. This global settlement also resulted in the dismissal of two sets of class actions, captioned here as <u>Barroway v. Computer Associates</u> and <u>In re: Computer Associates 2002</u>, and one derivative suit, <u>Federman v. Artzt</u>. The district court correctly denied the Rule 60(b) motions in all of the cases.

The parties that moved for Rule 60(b) relief and who appeal the denial of that relief are: Ranger Governance, Ltd. ("Ranger"), which filed a motion for Rule 60(b) relief in <u>Federman</u>; Sam Wyly, who filed a motion for Rule 60(b) relief in <u>Barroway</u>; and a group of Computer Associates shareholders known as the "Wyly Movants," who filed a motion for Rule 60(b) relief in <u>In re: Computer Associates</u>. All of these movants were Computer Associates shareholders at the time of the global settlement, and each has brought suit to seek damages against Computer Associates and several of its officers: Ranger in the derivative action <u>Ranger Governance v. Vogel, et al.</u>, Wyly in the individual action <u>Wyly v. Wang, et al.</u>, and the Wyly Movants in the individual action <u>Wyly Movants v. Wang, et al</u>. The ability of the plaintiffs to maintain these suits is arguably barred by the global settlement.

The parties therefore moved for relief under Federal Rule of Civil Procedure 60(b), which provides: "On motion and just terms, the court may relieve <u>a party or its legal representative</u> from a final judgment, order, or proceeding" for certain enumerated reasons. (Emphasis added.) None of the movants was a party to an underlying lawsuit in which he or it filed such a motion. Although Ranger had brought its own derivative lawsuit, it was not a party to the <u>Federman</u> suit in which it filed its Rule 60(b) motion. And while Wyly and the Wyly Movants were Computer Associates shareholders at the time of the global settlement and were therefore absent class members in the class actions in which they filed their Rule 60(b) motions, neither Wyly nor the Wyly Movants was a party to those underlying class actions for the purposes of Rule 60(b). See <u>In re Four Seasons Secs. Laws Litig.</u>, 525 F.2d 500, 504 (10th Cir. 1975) (concluding that class member who was absent during the settlement proceedings is not a "party" to "object to the nature or adequacy of the settlement . . . under Rule 60(b)" (internal quotation marks omitted)).

Although Rule 60(b) relief is "not ordinarily . . . available to non-parties," we have allowed non-parties to bring Rule 60(b) motions when "on the facts of th[e] case appellants

were sufficiently connected and identified with the . . . suit to entitle them to standing to invoke [the Rule]." Dunlop v. Pan Am. World Airways, Inc., 672 F.2d 1044, 1052 (2d Cir. 1982); see Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 188 (2d Cir. 2006)("Today, as in Dunlop, we limit our decision to the facts of this case."). Both Dunlop and Grace involved extraordinary circumstances in which a non-party had interests on which the outcome of the proceedings had significant consequences for the movants, yet those interests had not been adequately represented during litigation, because of the peculiar structure of each case.

There is nothing similarly extraordinary about the situation before us. Ranger, though a shareholder, was not individually involved in the Federman derivative lawsuit. Nor did its interests differ from other shareholders such that they were not adequately represented. Wyly and the Wyly Movants were involved in the class actions only as shareholders who had not filed a timely objection to the settlement of those actions -- they were not lead plaintiffs in those class actions, and the lead plaintiffs have declined to seek Rule 60(b) relief. "[T]he main purpose of having a lead plaintiff [is] to empower one or several investors with a major stake in the litigation to exercise control over the litigation as a whole. The only other possibility - that the court should cobble together a lead plaintiff group that has standing to sue on all possible causes of action - has been rejected repeatedly by courts in this Circuit." Hevesi v. Citigroup Inc., 366 F.3d 70, 83 n.13 (2d Cir. 2004) (citation and internal quotation marks omitted). We therefore decline to expand the narrow exception to the general rule that non-parties cannot bring Rule 60(b) motions to cover the case before us.

We do not reach the grounds upon which the district court dismissed the Rule 60(b) motions in these cases, because we thus conclude that the moving parties lacked standing to bring those motions. Cf. ACEquip Ltd. v. Am. Eng'g Corp., 315 F.3d 151, 155 (2d Cir. 2003) ("Our court may, of course, affirm the district court's judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court.").

Ranger appears to assert that as a plaintiff in the derivative suit, Ranger Governance v. Vogel, et al., it has an independent source of standing in Federal Rule of Civil Procedure 23.1, which governs the conditions under which a "shareholder[] . . . [may] bring a derivative action to enforce a right that the corporation or association may properly assert but has failed to

6

enforce." But while Ranger might have had standing under Rule 23.1 to bring its own derivative action seeking damages against Computer Associates, the question before us is whether Ranger has standing to bring a Rule 60(b) motion in Federman, a suit to which Ranger was not a party. For the above-stated reasons, we conclude that it does not.

The district court denied the Special Litigation Committee's ("SLC") motion under Federal Rule of Civil Procedure 59(e) asking the court to make clear that its August 2 order "did not adversely affect [Computer Associates's] ability to overturn the release," or, "[i]n the alternative . . . to amend the Order to make clear that a motion served by the company seeking to overturn the release would 'relate back' to the shareholders' motions to that effect." Br. of Appellee and Cross-Appellant Computer Associates, Inc., No. 07-3673-cv, at 24-25. Computer Associates's motion, which was made in support of the SLC's motion, was also denied. "[D]istrict courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice." Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004)(internal quotation marks omitted). "A district court's denial of a party's motion to alter or amend judgment under Rule 59(e) is . . . reviewed for an abuse of discretion." Id.

Computer Associates's theory of "relating back" is, to the best our knowledge, a novel one. No clear principle of law was violated by the district court's refusal to grant it, nor does it result in manifest injustice. We therefore decline to overrule it as an abuse of the court's discretion.

We note, however, that the Ranger action remains pending. The district court has denied without prejudice, pending these appeals, Computer Associates's motion to realign itself as the plaintiff and dismiss various claims in that action. Nothing occurring in the Ranger action is currently before us -- both Ranger's Rule 60(b) motion and Computer Associates' Rule 59(e) motion were made in the Federman action -- and no action taken by the district court or by us, so far as we are aware, prevents Computer Associates from renewing its motion to realign or seeking to pursue a claim in that proceeding. If Computer Associates renews its motion to realign, the court should then consider the merits of permitting realignment and permitting the corporation to pursue or dismiss various claims, consistent with the best interests of the shareholders. See Bluth v. Bellow,

1987 WL 9369, 1987 Del. Ch. LEXIS 414 (Del. Ch. 1987); <u>Zapata Corp. v. Maldonado</u>, 430 A.2d 779 (Del. 1981).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of the Court

By: _____

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by_____
DEPUTY CLERK

8